UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR PINON-AREOLA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv984 DRL-SJF |

ORDER

Immigration detainee Victor Pinon-Areola, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. He asserts that the government has not given him an opportunity to be released on bond while his removal proceeding are pending in accordance with 8 U.S.C. § 1226(a). The court issued an order to show cause, and the Warden has responded that Mr. Pinon-Areola is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant seeking admission" while his removal proceedings are pending. Mr. Pinon-Areola did not file a reply, and the deadline for doing so expired.

It appears from information publicly available through the Executive Office of Immigration Review (EOIR) website that Mr. Pinon-Areola's removal proceedings may have become final after the Warden's response was filed. If so, his detention would be governed instead by 8 U.S.C. § 1231, which mandates detention for a 90-day period after a

removal order becomes final.[1] In light of this potential development, the court finds it necessary to obtain supplemental briefing that addresses the status of Mr. Pinon-Areola's removal proceedings so the court can ensure application of the correct statute.

As an additional matter, the Warden has not weighed in on the impact of *Cirrus Rojas v. Olson*, __F.4th__, 2026 WL 2198315, 2 (7th Cir. July 30, 2026), decided shortly after his response was filed, concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. If Mr. Pinon-Areola's removal proceedings have become final, *Cirrus Rojas* may be of no benefit to him, but the Warden should address this issue in the supplemental brief if it is relevant to Mr. Pinon-Areola's detention.

For these reasons, the court ORDERS the Warden to file a supplemental response to the petition as outlined by **August 27, 2026.** Any supplemental reply by the petitioner shall be due by **September 4, 2026.**

SO ORDERED.

August 21, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

---

[1] The EOIR website reflects that an immigration judge granted Mr. Pinon-Areola voluntary departure and issued an alternate removal order on July 14, 2026, making any appeal to the Board of Immigration Appeals due by August 14, 2026, at the latest. *See* 8 C.F.R. § 1003.38(b); *see also Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119 (D.D.C. Mar. 8, 2026), *appeal filed* No. 26-5156 (D.C. Cir. May 11, 2026). That deadline passed, and the website reflects that no appeal was filed. If no appeal was filed, the order of removal would have become administratively final "upon overstay of the voluntary departure period," assuming Mr. Pinon-Areola did not depart as ordered. *See* 8 C.F.R. § 1241.1(f). If Mr. Pinon-Areola has left the United States, the Warden should advise the court accordingly.